**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NEHEMIAH KONG, | No.   19-55577 |
| Plaintiff-Appellant, | D.C. No. 8:18-cv-01615-DOC-DFM |
| v. | |
| MANA INVESTMENT COMPANY, LLC, a California Limited Liability Company, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| STARBUCKS CORPORATION, a Washington Corporation, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted June 2, 2020[**]
Pasadena, California

Before:  FERNANDEZ and OWENS, Circuit Judges, and AMON,[***] District

---

  [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Judge.

Appellant Nehemiah Kong ("Kong") appeals the district court's decision, which granted summary judgment in favor of Starbucks Corporation ("Starbucks") on Kong's claims brought under the Americans with Disabilities Act ("ADA").[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[2]

Kong, who uses a wheelchair, asks this Court to hold that Starbucks is required under the ADA to provide 36 inches of usable counter space for disabled patrons. Kong argues that Starbucks' transaction counter violates the relevant section of the 2010 Standards for Accessible Design ("2010 Standards") and 28 C.F.R. § 36.211(a). We consider each argument in turn, reviewing the question of

---

[***] The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

[1] Kong also brought claims under California's Unruh Civil Rights Act, which the district court dismissed on the grounds that their success depended on the viability of the ADA claims.

[2] Kong moves for judicial notice of the district court's decision in *Whitaker v. ELC Beauty, LLC*, 8:19-cv-00407-DF (C.D. Cal. Nov. 12, 2019). 9th Cir. Dkt. 27. Starbucks moves for judicial notice of the rulings granting its motions to dismiss in *Whitaker v. Starbucks Corporation*, No. 2:19-cv-6583-GW-SK, ECF No. 28 (C.D. Cal. Nov. 25, 2019), *Whitaker v. Starbucks Corporation*, No. 2:19-cv-6795-GW-SS, ECF No. 20 (C.D. Cal. Dec. 2, 2019), and *Whitaker v. Starbucks Corporation*, No. 2:19-cv-09793-CJC-MRW, ECF No. 18 (C.D. Cal. Jan. 17, 2020). 9th Cir. Dkt. 33. Both motions are granted, as the documents are "not subject to reasonable dispute," Fed. R. Evid. 201, and the "proceedings [to which they relate] have a direct relation to matters at issue," *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks omitted).

law de novo. *See Wyner ex rel. Wyner v. Manhattan Beach Unified Sch. Dist.*, 223 F.3d 1026, 1028 (9th Cir. 2000).

    I.    Compliance with Section 904.4.1 of the 2010 Standards

Section 904.4.1 of the 2010 Standards lays out the building requirements for "parallel approach" transaction counters; that is, counters that wheelchair customers must approach from a side angle because there is no knee or toe clearance underneath the counter. *See, e.g.*, *Crandall v. Starbucks Corp.*, 249 F. Supp. 3d 1087, 1116 (N.D. Cal. 2017). Section 904.4.1 requires "[a] portion of the counter surface that is 36 inches (915 mm) long minimum and 36 inches (915 mm) high maximum above the finish floor." 36 C.F.R, Part 1191, Appendix D, § 904.4.1. Section 904.4.1 contains an exception, which provides that "[w]here the provided counter surface is less than 36 inches (915 mm) long, the entire counter surface shall be 36 inches (915 mm) high maximum above the finish floor." *Id.*

Here, the parties agree that Starbucks' transaction counter is configured for a parallel approach and, as built, is at least 36 inches long and no more than 36 inches high. Kong argues that Starbucks has nevertheless not complied with Section 904.4.1's length requirement because Starbucks has covered a portion of the transaction counter with merchandise displays, rendering the counter less than 36 inches long. The exception to Section 904.4.1, however, clearly contemplates counters that are less than 36 inches long when, as here, the counter is at an entirely

3

accessible height of 36 inches or lower. Because there are circumstances under which a counter built to be less than 36 inches long complies with Section 904.4.1, we hold that Starbucks does not violate Section 904.4.1 by failing to provide 36 inches of usable counter space for disabled customers.[3]

II. Compliance with 28 C.F.R. § 36.211(a)

Section 36.211(a) provides that "[a] public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part." 28 C.F.R. § 36.211(a).

Kong asks this Court to hold, pursuant to Section 904.4.1 of the 2010 Standards and 28 C.F.R. § 36.211(a), that Starbucks is required to provide 36 inches of usable counter space for disabled customers. As explained in the previous section, Section 904.4.1 of the 2010 Standards expressly contemplates counters that are built to be less than 36 inches long. As a result, we do not read § 36.211(a) to require Starbucks to "maintain" 36 inches of usable counter space. This is not a case in

---

[3] Kong argues that, taken to its "logical extension," Starbucks' position, supported by an amicus brief filed by the Department of Justice, means that Starbucks could comply with Section 904.4.1 by providing a counter that does not have a "single millimeter of clear, useable space for wheelchair users." Because Kong ultimately asks this Court to hold that Starbucks must, without exception, provide 36 inches of usable counter space, we need not reach the question of whether there are any potential limits of the exception to Section 904.4.1. We hold only that Section 904.4.1 does not in all instances require Starbucks to provide 36 inches of usable counter space.

4

which defendants have failed to maintain an accessible feature clearly required by the ADA. *Cf. Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1084 (9th Cir. 2004) (holding defendant movie theater must ensure that wheelchair accessible seats and companion seats, which are required under § 221 of the 2010 Standards, are actually available for wheelchair customers and their companions). In sum, the maintenance requirements cannot be more stringent than the building requirements.

\* \* \*

We have considered Kong's remaining arguments and hold them to be without merit. For these reasons, the district court's judgment is AFFIRMED.